Louis S. Ederer
louis.ederer@arnoldporter.com
Matthew T. Salzmann
matthew.salzmann@arnoldporter.com
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, New York 10019
Phone (212) 836-8000

*Attorneys for Plaintiff*
*Laurice El Badry Rahme Ltd. d/b/a Laurice & Co.*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| LAURICE EL BADRY RAHME LTD. d/b/a LAURICE & CO.,<br><br>Plaintiff,<br><br>– against –<br><br>MOBETTER DEALS LLC, MOBETTER ENTERPRISE & INVESTMENTS LLC, XYZ COMPANIES 1–10, and JOHN AND JANE DOES 1–10,<br><br>Defendants. | Civil Action No.  22-6095<br><br>**COMPLAINT** |

Plaintiff Laurice El Badry Rahme Ltd. d/b/a Laurice & Co. ("Laurice & Co."), by and through its undersigned counsel, complains of defendants MoBetter Deals LLC, MoBetter Enterprise & Investments LLC, XYZ Companies 1-10, and John and Jane Does 1-10 (collectively "Defendants"), and alleges as follows:

**NATURE OF THE ACTION**

1. Laurice & Co. brings this action for injunctive relief and damages arising from Defendants' knowing and intentional acts of trademark infringement, false designation of origin and unfair competition, in violation of the laws of the United States and the statutory and common law of the State of New York.

## JURISDICTION AND VENUE

2. This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338, and has supplemental jurisdiction pursuant to 28 U.S.C. § 1367. Laurice & Co.'s claims are predicated upon the Trademark Act of 1946, as amended (the "Lanham Act"), 15 U.S.C. § 1051 *et seq.*, and substantial and related claims under the common law of the State of New York.

3. This Court has personal jurisdiction over Defendants because, as more fully set forth below, Defendants have: (a) committed acts of trademark infringement in this judicial district; (b) caused injury to Laurice & Co. in this judicial district; (c) purposely and directly targeted their activities at parties in this judicial district; and (d) derived substantial revenues from interstate commerce, including commerce within this judicial district.

4. Venue is properly founded in this judicial district pursuant to 28 U.S.C. § 1391(b) and (c) because Defendants are subject to personal jurisdiction in this judicial district, and/or a substantial part of the events giving rise to Laurice & Co.'s claims herein occurred in this judicial district.

## THE PARTIES

5. Laurice & Co. is a corporation duly organized and existing under the laws of the State of New York, having its principal place of business at 9 Bond Street, New York, New York 10012.

6. Upon information and belief, MoBetter Deals LLC ("MoBetter Deals") is a limited liability company duly organized and existing under the laws of the State of Georgia, having its principal place of business at 1350 Martins Chapel Lane, Lawrenceville, Georgia 30045.

7.      Upon information and belief, MoBetter Enterprise & Investments LLC ("MoBetter E & I") is a limited liability company duly organized and existing under the laws of the State of Georgia, having its principal place of business at 1350 Martins Chapel Lane, Lawrenceville, Georgia 30045.

8.      Upon information and belief, MoBetter Deals and MoBetter E & I are closely related entities that are owned and operated by one or more of the same members.  Hereinafter, MoBetter Deals and MoBetter E & I are collectively referred to as "MoBetter".

9.      Upon information and belief, MoBetter is acting in conjunction with various business entities and individuals, denoted here as XYZ Companies 1-10, and John and Jane Does 1-10, whose identities are not presently known.  If the identities of these parties become known, Laurice & Co. will amend the Complaint to include the names of these additional business entities and individuals.

## FACTS GIVING RISE TO THE ACTION

10.     Laurice & Co. is a New York City-based fragrance house that manufactures and distributes the well-known line of BOND NO. 9 brand fragrance products.  In 2002, Laurice & Co. launched its line of BOND NO. 9 brand fragrance products, which pay homage to and celebrate New York City and its many neighborhoods, boroughs and suburbs.

11.     As such, the many fragrances in Laurice & Co.'s BOND NO. 9 line are named after notable and geographical neighborhoods in and around New York City, including, without limitation, Chinatown, Jones Beach and Greenwich Village.

12.     In addition to owning strong common law rights in its well-known BOND NO. 9 house mark and Chinatown, Jones Beach and Greenwich Village fragrance brand names, Laurice & Co. owns federal registrations for the following trademarks in International Class 3 (collectively, the "Laurice & Co. Registered Trademarks"):

| Mark | Reg. No. | Reg. Date | Int'l Class / Goods |
|---|---|---|---|
| BOND NO. 9 | 2742675 | July 29, 2003 | IC 3: Fragrances, namely perfumes, colognes |
| CHINATOWN | 3073943 | Mar. 28, 2006 | IC 3: Fragrances for personal use, namely, perfumes, colognes |
| JONES BEACH | 6236267 | Jan. 5, 2021 | IC 3: Fragrances for personal use, namely, perfumes, colognes |
| BOND NO. 9 GREENWICH VILLAGE | 6206246 | Nov. 24, 2020 | IC 3: Fragrances for personal use, namely, perfumes, colognes and lipstick |

13. The Laurice & Co. Registered Trademarks are each in full force and effect, and Laurice & Co.'s BOND NO. 9 and CHINATOWN registrations have become incontestable under Section 15 of the Lanham Act, 15 U.S.C. § 1065, and thus constitutes conclusive evidence of the validity of such marks, Laurice & Co.'s ownership of such marks, and Laurice & Co.'s exclusive right to use such marks in connection with the listed goods (*i.e.*, fragrances).

14. A true and correct copy of each of the registration certificates for the Laurice & Co. Registered Trademarks is attached hereto as **Exhibit A**.

15. In addition to the Laurice & Co. Registered Trademarks, Laurice & Co. owns strong common law rights in and to its stylized NYC circle logo (the "NYC Circle Logo"), variations of which are prominently and extensively used on and in connection with the promotion and sale of products in Laurice & Co.'s line of BOND NO. 9 brand fragrances.

16. Representative examples of Laurice & Co.'s use of its NYC Circle Logo appear below and can be found on the Laurice & Co. website (https://www.bondno9.com/) and social media accounts (https://www.instagram.com/bondno9ny/; https://www.facebook.com/BondNo9):





The Laurice & Co. Registered Trademarks and the NYC Circle Logo are hereinafter collectively referred to as the "Laurice & Co. Trademarks".

17. As a result of Laurice & Co.'s longstanding exclusive use and substantial investment in the marketing and advertising of fragrance products bearing the Laurice & Co. Trademarks, each of these marks has become uniquely and exclusively identified in the minds of consumers with Laurice & Co.

18.     Laurice & Co. and its retail partners have invested substantial time, money and effort advertising, marketing and promoting fragrance products sold under the Laurice & Co. Trademarks in the United States, including in this judicial district.  As a result, Laurice & Co.'s fragrance products sold under the Laurice & Co. Trademarks have become well and favorably known by consumers, and significant goodwill has been developed in each of the Laurice & Co. Trademarks.

19.     Upon information and belief, Defendants are manufacturing (or causing to be manufactured), importing, distributing, advertising, marketing, offering for sale and selling the following fragrance products, which bear marks that are confusingly similar to the Laurice & Co. Trademarks, in violation of Laurice & Co.'s exclusive rights in and to the Laurice & Co. Trademarks (collectively, the "Accused Products"):



20.     Upon information and belief, Defendants first began manufacturing (or causing to be manufactured), importing, distributing, advertising, marketing, offering for sale and selling the Accused Products in the United States long after Laurice & Co. had introduced, advertised, marketed, promoted, supplied, distributed, offered for sale and sold fragrance products under the Laurice & Co. Trademarks in this country.

6

21. Upon information and belief, Defendants are selling the Accused Products through, among other outlets, the MoBetter Fragrance Oils Amazon storefront (https://www.amazon.com/stores/MOBETTERFRAGRANCEOILS/page/8810340B-E0D9-4BC8-97725934122916A2?ref_=ast_bln).

22. True and correct excerpts of printouts of the product listings for the Accused Products on the MoBetter Fragrance Oils Amazon storefront is attached hereto as **Exhibit B**.

23. By manufacturing (or causing to be manufactured), importing, distributing, advertising, marketing, offering for sale and selling the Accused Products in the United States as aforesaid, Defendants are infringing Laurice & Co.'s exclusive rights in and to the Laurice & Co. Trademarks, and falsely designating the origin of the Accused Products. As a result, consumers are likely to be confused and mistakenly believe that the Accused Products emanate from, and/or are endorsed or sponsored by or otherwise affiliated with Laurice & Co.

24. Upon information and belief, Defendants were aware of Laurice & Co.'s use of and exclusive rights in and to the Laurice & Co. Trademarks in connection with the promotion and sale of fragrance products, at the time they began manufacturing and distributing the Accused Products in the United States. Accordingly, Defendants have been engaging in the above-described unlawful activities knowingly and intentionally, and/or with reckless disregard for Laurice & Co.'s rights in and to the Laurice & Co. Trademarks.

25. Upon information and belief, Defendants intend to continue to manufacture (or cause to manufacture), import, distribute, advertise, market, offer for sale and sell the Accused Products, unless otherwise restrained by this Court.

26. Unless Defendants' conduct is enjoined, such conduct will severely inhibit and/or destroy the ability of the Laurice & Co. Trademarks to identify Laurice & Co. as the exclusive source of the fragrance products offered under the Laurice & Co. Trademarks.

## FIRST CLAIM FOR RELIEF
## TRADEMARK INFRINGEMENT (15 U.S.C. § 1114)

27. The allegations set forth in paragraphs 1 through 26 hereof are adopted and incorporated by reference as if fully set forth herein.

28. By the acts alleged herein, Defendants are using marks that are confusingly similar to each of the Laurice & Co. Registered Trademarks, and have infringed, and continue to infringe each of the Laurice & Co. Registered Trademarks, in violation of 15 U.S.C. § 1114.

29. Upon information and belief, Defendants' unauthorized use of marks that are confusingly similar to the Laurice & Co. Registered Trademarks in connection with the promotion and sale of the Accused Products has caused, is intended to cause, and is likely to continue to cause confusion, mistake and deception among the general consuming public as to the source of Defendants' Accused Products, or as to a possible affiliation, connection or association between Laurice & Co. and the Accused Products and/or Defendants.

30. Upon information and belief, Defendants have acted with knowledge of Laurice & Co.'s ownership of the Laurice & Co. Registered Trademarks, and with the deliberate intention to unfairly benefit from the goodwill symbolized thereby.

31. Defendants' acts constitute willful trademark infringement in violation of 15 U.S.C. § 1114.

32. Upon information and belief, by their willful acts, Defendants have made and will continue to make substantial profits and gains as to which they are not in law or equity entitled.

33. Upon information and belief, Defendants intend to continue their unlawful conduct, and to willfully infringe the Laurice & Co. Registered Trademarks, unless restrained by this Court.

34. Defendants' acts have irreparably harmed and, unless enjoined, will continue to irreparably harm Laurice & Co., and Laurice & Co. has no adequate remedy at law.

35. Defendants' intentional and egregious infringing conduct makes this an exceptional case under Section 35 of the Lanham Act, 15 U.S.C. § 1117.

## SECOND CLAIM FOR RELIEF
## FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a))

36. The allegations set forth in paragraphs 1 through 35 hereof are adopted and incorporated by reference as if fully set forth herein.

37. Upon information and belief, Defendants use of marks that are confusingly similar to the Laurice & Co. Trademarks in connection with the Accused Product has caused, is intended to cause, and is likely to continue to cause, confusion, mistake and deception among the general consuming public as to the source of such products, or as to a possible affiliation, connection or association between Laurice & Co. and Defendants, and/or between Laurice & Co. and the Accused Products.

38. Defendants' aforementioned conduct constitutes a willful false designation of the origin of the Accused Products, and/or false and misleading descriptions and representations of fact, in violation of 15 U.S.C. § 1125(a).

39. Upon information and belief, by their actions, Defendants intend to continue to falsely designate the origin of the Accused Products, as aforesaid, unless restrained by this Court.

40. Upon information and belief, by their willful acts, Defendants have made and will continue to make substantial profits and gains to which they are not in law or equity entitled.

41. Defendants' acts have irreparably damaged and, unless enjoined, will continue to irreparably damage Laurice & Co., and Laurice & Co. has no adequate remedy at law.

## THIRD CLAIM FOR RELIEF
## TRADEMARK INFRINGEMENT UNDER COMMON LAW

42. The allegations set forth in paragraphs 1 through 41 hereof are adopted and incorporated by reference as if fully set forth herein.

43. By the acts described herein, Defendants have intentionally infringed Laurice & Co.'s rights in and to the Laurice & Co. Trademarks in violation of the common law of the State of New York.

44. Defendants' acts have caused, and will continue to cause, irreparable injury to Laurice & Co., and Laurice & Co. has no adequate remedy at law.

## FOURTH CLAIM FOR RELIEF
## UNFAIR COMPETITION UNDER COMMON LAW

45. The allegations set forth in paragraphs 1 through 44 hereof are adopted and incorporated by reference as if fully set forth herein.

46. By the acts described herein, Defendants have intentionally engaged in unfair competition with respect to Laurice & Co. in violation of the common law of the State of New York.

47. Defendants' acts have caused, and will continue to cause, irreparable injury to Laurice & Co., and Laurice & Co. has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Laurice & Co. demands judgment against Defendants as follows:

1. Finding that, (a) as to Count 1, Defendants engaged in willful trademark infringement against Laurice & Co. with respect to the Laurice & Co. Registered Trademarks in violation of 15 U.S.C. § 1114; (b) as to Count 2, Defendants engaged in willful false designation of origin and unfair competition as against Laurice & Co. with respect to the Laurice & Co.

Trademarks in violation of 15 U.S.C. § 1125(a); (c) as to Count 3, Defendants engaged in willful trademark infringement against Laurice & Co. with respect to the Laurice & Co. Trademarks in violation of the common law of the State of New York; and (d) as to Count 4, Defendants engaged in unfair competition with Laurice & Co. in violation of the common law of the State of New York.

2.  That Defendants and all of those acting in concert with them, including their agents and servants, and all those on notice of this suit, be preliminarily and permanently enjoined from:

    (a) Designing, manufacturing, importing, exporting, distributing, supplying, advertising, promoting, marketing, offering for sale and/or selling the Accused Products, or any other fragrance products bearing the marks that are confusingly similar to the Laurice & Co. Trademarks, or engaging in any other activity constituting an infringement of any of Laurice & Co.'s rights in and to the Laurice & Co. Trademarks; and

    (b) Engaging in any activity constituting unfair competition with Laurice & Co. or acts and practices that deceive the public and/or the trade, including, without limitation, the use of product or packaging design elements and designations associated with Laurice & Co.

3.  That Defendants be required to take such other measures as the Court may deem appropriate to prevent the public from deriving any erroneous impression that the Accused Products were designed, manufactured, imported, exported, distributed, supplied, advertised, promoted, marketed, offered for sale and/or sold by Laurice & Co., was authorized by Laurice & Co., or is related to or associated in any way with Laurice & Co. or its fragrance products.

4.  That Defendants be required to recall all units of the Accused Products and

11

remove any and all advertising and promotional materials depicting the Accused Product, and thereafter deliver up for destruction all such products and advertising and promotional materials, and any means of making such items.

5. That Defendants be directed to file with the Court and serve upon Laurice & Co., within thirty (30) days after service of a judgment or order upon Defendants, a written report under oath setting forth in detail the manner in which Defendants have complied with the requirements set forth above in paragraphs 2 through 4 hereof.

6. That the Court award Laurice & Co. (a) Defendants' profits and Laurice & Co.'s damages to the full extent provided for under 15 U.S.C. § 1117, with any monetary relief to be trebled; (b) attorneys' fees and injunctive and other equitable relief, to the full extent provided for under New York law, to prevent Defendants from continuing to engage in the unlawful, unfair, and/or fraudulent business practices alleged herein and from continuing to receive ill-gotten gains therefrom; (c) actual and punitive damages as provided under the common law of the State of New York; and (d) Laurice & Co.'s attorneys' fees and litigation-related expenses incurred herein.

7. That Laurice & Co. be awarded pre-judgment and post-judgment interest on any monetary award made part of the judgment against Defendants.

8. That Laurice & Co. be awarded such additional and further relief as the Court deems just and proper.

US 172196811v1

Dated: New York, New York  
       July 18, 2022

ARNOLD & PORTER KAYE SCHOLER LLP

By:   /s/ Louis S. Ederer  
Louis S. Ederer  
louis.ederer@arnoldporter.com  
Matthew T. Salzmann  
matthew.salzmann@arnoldporter.com  
250 West 55th Street  
New York, New York 10019  
Phone (212) 836-8000

*Attorneys for Plaintiff*  
*Laurice El Badry Rahme Ltd.*  
*d/b/a Laurice & Co.*