**Arnold & Porter**

Louis S. Ederer
+1 212.836.8144 Direct
louis.ederer@arnoldporter.com

August 15, 2022

**VIA ECF**
Honorable Ronnie Abrams
United Sates District Court
Southern District of New York
40 Foley Square
New York, NY 10007

Re:   *Laurice El Badry Rahme Ltd. v. MoBetter Deals LLC, et al.*, C.A. No. 1:22-cv-06095-RA — Response and Opposition to Defendants' Improper "Motion to Stay"

Dear Judge Abrams:

We represent Laurice El Badry Rahme Ltd. d/b/a Laurice & Co. ("Plaintiff") in the above-referenced action. We write in response and opposition to MoBetter Deals LLC and MoBetter Enterprise & Investment LLC (collectively, "Defendants")' "Motion to Stay" this action.[1]  Dkt. 13.

For the reasons stated below, the Court should deny Defendants' recently filed Motion to Stay as procedurally improper and strike Defendants' motion from the public docket because it improperly discloses confidential settlement communications in violation of Rule 408 of the Federal Rules of Evidence.

*First*, Mr. Aikido C. Graves-Bey, Defendants' Chief Executive Officer, is neither a party to this action nor an attorney, and purported to file Defendants' Motion to Stay *pro se*.  This is improper, as only individuals can appear *pro se* and Defendants are Georgia registered limited liability companies (*see* Dkt. 1 at 2-3).  *See, e.g.*, *Lattanzio v. COMTA*, 481 F.3d 137, 140 (2d Cir. 2007) ("Because both a partnership and a corporation must appear through licensed counsel, and because a limited liability company is a hybrid of the partnership and corporate forms … , a limited liability company also may appear in federal court only through a licensed attorney.") (citation omitted).  For this reason alone, the Court should deny Defendants' Motion to Stay.

---

[1] We note that Mr. Aikido C. Graves-Bey, the Chief Executive Officer of both MoBetter Deals LLC and MoBetter Enterprise & Investment LLC, incorrectly identified Plaintiff as the party who filed the Motion to Stay.  To be clear, Plaintiff did not file or consent to the filing of Defendants' Motion to Stay.

*Second*, Defendants' Motion to Stay improperly refers to and annexes copies of settlement communications exchanged among the parties. This is improper under Rule 408 of the Federal Rules of Evidence, which prohibits the introduction of evidence of "furnishing, promising, or offering—or accepting, promising to accept, or offering to accept—a valuable consideration in compromising or attempting to compromise the claim," as well as "conduct or a statement made during compromise negotiations about the claim" in order "to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction." Fed. R. Evid. 408(a). Defendants appear to attempt to rely on the parties' unconcluded settlement negotiations as a factual basis for their requested relief that this action be stayed. Dkt. 13 at 2. However, as Mr. Graves-Bey concedes, no final resolution has been reached, and Defendants have not acceded to Plaintiff's settlement demands. Indeed, Plaintiff does not share Defendants' apparent optimism that a resolution is forthcoming.

Accordingly, Plaintiff respectfully requests that the Court deny Defendants' Motion to Stay and strike Defendants' motion, which contains settlement communications that are the subject of Federal Rule of Evidence 408, from the public docket.

Finally, prior to receiving Mr. Graves-Bey's Motion to Stay earlier today, Plaintiff was unaware that Defendants had "disengaged the services of [their] attorney due to loss of trust and confidence." Dkt. 13 at 2. Under the circumstances, Plaintiff would have no objection to an extension of Defendants' time to answer or otherwise move with respect to the Complaint, which time currently expires on August 23, 2022, so as to allow Defendants additional time to retain new counsel.

We appreciate the Court's consideration of this matter.

Respectfully submitted,

ARNOLD & PORTER

*Louis S. Ederer* (signature)

Louis S. Ederer

---

The motion to stay filed by Mr. Graves-Bey is denied.

As an initial matter, Plaintiff rightly notes that corporations cannot appear unless represented by counsel. *See Pecarsky v. Galaxiworld.com Ltd.*, 249 F.3d 167, 172 (2d. Cir. 2001). Accordingly, the corporate defendants must obtain counsel to defend in this action. Defendants shall have until September 16, 2022 to obtain counsel to represent them. Defendants shall further have until September 30, 2022 to file an answer or otherwise respond to the complaint.

In light of the settlement communications contained in the motion to stay, the Clerk of Court is respectfully directed to restrict access to Docket 13 so that it is only viewable by the parties and the Court, and to terminate the motion pending at that docket entry.

Plaintiff is directed to serve this Order on Defendants.

SO ORDERED.

_____
Hon. Ronnie Abrams
08/16/2022